COBB, Chief Judge.
The defendant, Jeffrey Scott Lang, appeals from judgments for trafficking in cocaine and other drug offenses, claiming that the trial court erred in denying his motion to suppress evidence. We agree and reverse.
The motion was heard without evidence but was based on a stipulation of facts jointly filed by the state and the defendant. According to the stipulated facts, defendant was a lessee of a “mini-warehouse” unit in a mini-warehouse park owned by D.S.J., Inc. The manager, one Ken Lan-dress, was given a list of delinquent accounts of D.S.J. units and directed to go into the delinquent units, breaking the locks on them if necessary, to take an inventory of the contents for purposes of eviction. One of these delinquent units was Unit 158(A), which was leased by a Warren Henderson. Intending to enter Unit 158(A), as per his company’s direction, Landress mistakenly entered (by breaking the lock) Unit 158(B), which was leased by defendant. Upon entering the unit, Lan-dress observed, among other things, a tall stand-up safe wrapped in white material. He saw no evidence of contraband or other illegal activity, but was “concerned” about seeing the safe. He then left the unit and called the police “so they could come look at the contents.”
When the police arrived, Landress escorted them to Unit 158(B), and told them it belonged to Mr. Henderson. However, a warehouse tenant in the area told Landress and the police that Henderson’s unit was the one next door. Landress then went to the D.S.J. office to check on this information, and discovered that he had indeed entered the wrong unit. Landress told the police that he would resecure the unit, but that he wanted the police to enter the unit with him “to make a visual inventory of the *1355 contents so Mr. Lang (defendant) would not be able to report something being stolen once he discovered the error had been made.”
One of the police officers, Officer Doh-men, then went inside the unit with Lan-dress to inventory the contents. One of the items found by the officer was a suitcase which contained metal strainers, plastic bags and a mirror. Subsequently, the officer observed on the floor a white powdery substance, as well as a plastic bucket containing several plastic bags. At this point, Officer Dohmen contacted Sergeant Beary, who came to the scene, surveyed the contents, and removed the white powder from the unit. He took the powder to the police station and tested it. The test results showed that the powder was cocaine. Sergeant Beary then obtained a search warrant to search for further contraband. A locksmith company was employed to open the safe, wherein various items of contraband were found. Defendant was subsequently arrested.
Based on these facts, defendant contended at the hearing that all items seized from his unit were obtained illegally because Officer Dohmen was without authority to enter his unit. The trial court rejected this argument, stating:
The law enforcement officer was carrying out a natural and essential duty by assisting a private citizen who had requested assistance in a potential civil dispute that could possibly have criminal implications.
According to the trial court, the officer’s decision to enter the unit was “not only reasonable but necessary to carry out the requested task.” Therefore, the trial court reasoned, when the white powdery substance was seen in plain view, it could properly be seized without a warrant, as authorized by Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The subsequent warrant to search the unit for further contraband, according to the trial court, was thus justified on this basis. We disagree with the trial court’s conclusions.
Both the trial court and the state mistakenly focused on the reasonableness of the officer’s actions. Of course, only unreasonable searches and seizures are unconstitutional. Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). However, the United States Supreme Court has made it clear that war-rantless searches “are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.” Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). The exception apparently relied upon by the trial court in this case was that the cocaine was seen in “plain view.” The “plain view doctrine,” however, as defined in Coolidge v. New Hampshire:
... [Rjefers exclusively to the legal justification ... for the seizure of evidence which has not been particularly described in a warrant and which is inadvertently spotted in the course of a constitutional search already in progress or in the course of an otherwise justifiable intrusion into a constitutionally protected area. (Emphasis added.)
Ensor v. State, 403 So.2d 349, 352 (Fla.1981), quoting Scales v. State, 13 Md.App. 474, 284 A.2d 45 (1971). Clearly, defendant’s mini-warehouse was a constitutionally protected area. See Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). This being so, there was no justification for the officer’s violation of defendant’s constitutional rights. It is conceded and beyond dispute that Landress was trespassing on defendant’s property, and that Landress told Officer Dohmen that he had entered the wrong unit before Officer Doh-men entered that unit. Neither had any right to enter the unit. It is further conceded by the state that no exigency existed which would sustain entry by the officer. Contrary to the trial court’s conclusions, the gratuitous protection of a trespasser from prospective liability against a third party is not a legitimate governmental interest. This is especially true when that third party’s constitutional rights are infringed by such actions.
*1356 Because the initial seizure of the cocaine lying on the floor of defendant’s unit was unconstitutional, the basis for the seizure of the remaining contraband in defendant’s safe was also unconstitutional. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Accordingly, we reverse the judgments against defendant, and remand with instructions to discharge him.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.